## DICKENS *v.* THE NEW YORK CENTRAL RAILROAD COMPANY.

### December, 1864.

The court is bound to decide the question of negligence, only where the facts are undisputed, and the inference of negligence is clear.

In an action against a railroad company, by a passenger injured in alighting from a train, the fact that the name of the station was not announced, and that the stop was very brief, and similar circumstances, —considered, in determining whether the passenger was negligent in the manner of alighting.

In an action under the statute, 2 *L.* 1847, p. 575, c. 450, for negligence causing death, the next of kin are not limited to nominal damages, although there be no positive evidence of actual pecuniary loss.*

Lorenzo D. Dickens, as administrator of Sally Dickens, sued the defendants in the supreme court, under the statute, for the benefit of the next of kin, to recover damages for negligence on the part of the defendants, resulting in the death of the intestate, who was his wife. He also joined in his complaint a claim for loss of services to himself. On the first trial he ob-

---

* Compare Tilley *v.* Hudson River R. R. Co., 29 *N. Y.* 252; McIntyre *v.* N. Y. Central R. R. Co., 37 *Id.* 287.

tained a judgment in his favor, which, on appeal, was sustained by the general term (28 *Barb.* 41), but was reversed by this court and a new trial ordered, on the ground that plaintiff could not recover for his loss of services by the death of his wife, but only damages within the statutory limit for the benefit of the next of kin. See 23 *N. Y.* 158.

On the second trial the evidence was doubtful, and the question of negligence nicely balanced, and the court refused a motion to nonsuit the plaintiff. The court also refused a request of the defendants to charge that the plaintiff could only recover nominal damages, on the ground that as the deceased had left neither child nor parent, the only loss incurred by her next of kin, who were brothers and sisters, nephews and nieces, would be the chance of her accumulating a separate estate and dying intestate or making a will in their favor, and that this was too remote a contingency to be of any substantial value to them.

To all the refusals to charge, the defendants duly excepted. The judge then charged, among other things, as follows : " The only damages the jury can give in this action, if they find for the plaintiff, are such as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary damages resulting from the death of Mrs. Dickens, to her next of kin.

" Whether more than nominal damages, and if so, how much, resulted to the next of kin of Mrs. Dickens from her death, are questions for the jury."

To the last proposition defendants excepted, and requested the judge to charge that there was no evidence of any pecuniary injury to the next of kin, and that the relation of brother and sister did not raise a presumption of pecuniary loss. This the judge refused ; and the jury gave a verdict in favor of plaintiff for five hundred dollars.

*The supreme court*, at general term, refused a new trial, and defendants now appealed from the judgment entered on the verdict.

*Daniel Pratt*, for defendants, appellants.

*John H. Reynolds*, for plaintiffs, respondents.

BY THE COURT.—HOGEBOOM, J.—This is one of those nicely balanced cases with which I think it is not proper for a court of review to interfere. Although the case appears to be a close one, both on the question of the negligence in the agents of the defendants, and the deceased whom the plaintiff represents, and the evidence is not very decided or controlling either way, yet I think there was enough to submit to the jury, and no legal error in leaving the question to them. As to the negligence of the defendants there were these facts for their consideration: the train was behind time; the stop at the station unusually short; the conductor and his subordinates in a hurry; some of them excited; some doubt whether notice of the station was given; and undue anxiety to leave before the express train arrived; a failure to adopt very decided precautions in keeping passengers from alighting on the south side of the track; some inattention to his duties on the part of the brakeman stationed between the cars to warn passengers not to get out on that side; the conductor himself not occupied in the very vigorous discharge of his duties, but more pleasantly employed; and in general a lack of that close and careful attention which in circumstances rather perilous and critical like those which transpired on this occasion, is, to say the least, a matter of wise precaution, if not of the most imperative duty.

As to the negligence of the deceased, the degree of care and prudence devolving upon her is somewhat to be measured by the observance of proper precautions on the part of the defendants. If notice of the arrival at the station and the name of the station were not given, she was in a measure excusable for not knowing it, and of course for not acting seasonably upon such knowledge. If, as is known, the village which was the place of her destination was on the south side of the track, and she was so far a stranger as not to be likely to know that the passenger depot was on the north side, she does not seem to have been blameworthy in attempting to leave the cars on the south side. If her situation in the cars made it unlikely for her to know that an express train was approaching, and no person in fact notified her of the approach of such a train, it would not seem to have been an incautious act to get upon the south track. If she only learned the name of the station by inquiry

from a fellow passenger without notification from the defendants, and the train did not stop long enough for a person receiving this tardy information to get off from the train before it was slightly in motion, after a stop unusually brief, it would not seem to have been ' necessarily such negligence as should defeat the action, for her to leave the train under such circumstances. If the express and mail trains were not accustomed to meet at this point, it was not negligence in her not to anticipate the arrival of the express train, and, of course, not to guard against it unless she was otherwise sufficiently and seasonably advised of its approach. The imputation of negligence in all these particulars depends very much upon the observance of all proper precautions on the part of the defendants, and if the jury were warranted in finding against them upon the primary question of negligence on their part, as perhaps they did in all these particulars, I do not think we are in a situation to say that there was legal error in submitting the question of the plaintiff's, as well as of the defendants', negligence to the jury. This question of negligence depends ordinarily upon so many minute circumstances, and is governed so much by the facts of each particular case, that it is very difficult to lay down any safe or practical general rule on the question what constitutes it, and it is well said that the evidence of it should be clear and decisive, to impute legal error to a judge who submits it under conflicting facts to the determination of a jury.

In regard to the rule of damages, I think the charge of the judge was in conformity to the statute, and sufficiently guarded and limited in reference to the facts of the case. He appears to have been strictly within the limit of the rule recently laid down in this court, after much consideration and two successive arguments, in the case of Tilley *v.* Hudson River R. R. Co, 29 *N. Y.* 252. I think the defendants cannot successfully assail the charge on this point unless it is a case for limiting the plaintiff to nominal damages. We are not at liberty to lay down any such restricted rule, without violating the statute and the current of former decisions. We have frequently had occasion to say that the statute was not very precise in its terms, nor susceptible of a very clear and exact construction, but we regard it as obvious that from its scope and tenor, some

latitude must be allowed to the careful discretion of a jury, in assessing the damages of each particular case. It may be, and is, probably, true, that this power is sometimes abused, but the correction is not with this court. It is not always easy to see how the death of a particular individual, and she a wife, will operate to the pecuniary prejudice of collateral relatives, and if so, to what extent. But as the law does not require direct and precise proof on this subject, and has committed to the jury a liberal discretion in its actual disposition, we cannot say, in view of the not very extravagant sum assessed by the jury in this particular case, if any sum whatever were to be allowed, that any principle of law has been violated.

The judgment of the court below must be affirmed.

A majority of the judges concurred. DAVIS, J., dissented. H. R. SELDEN, J., did not vote; and INGRAHAM, J., was absent.

Judgment affirmed, with costs.