Elizabeth Gonzales, Administratrix, etc., Respondent, *v.* The New York and Harlem Railroad Company, Appellant.

Negligence. The settled principles of law applicable to this case are:

1. That parties seeking to recover for injuries occasioned by the negligence of another must be shown to be themselves free from negligence contributing in any degree to the injury complained of.

2. A person attempting to cross the track of a railroad must make use of his ordinary faculties, to ascertain if there is danger in the attempt, or he will be held guilty of negligence.

3. Where the facts are uncontroverted, the question of negligence is a question of law for the court. Dwight, J.

The case in its facts, which will be found in the opinion, exemplifies a neglect of the second proposition above cited, whereby negligence is imputed to the injured party by the court.

Charge to jury. Error. It was error in the court to refuse to charge as requested by the defendant, that it was the duty of the injured party, who knew a train was just due, to look in the direction from which it should come, before attempting to cross the railroad track, and that, if he omitted to do so, he was guilty of negligence which precluded a recovery.

This was an action by the widow and administratrix of John H. Gonzales, deceased, for damages occasioned by the negligent killing of her husband by the cars of the defendant. The casualty occurred at West Mount Vernon station, on the defendant's road, November 15, 1864. The deceased was a passenger by the accommodation train from New York city, where he did business, to West Mount Vernon, where he resided. The train, by which he was a passenger, was due at the latter place at 3.27 P. M., and a down express train, passing that station without stopping, was due there one minute later. The defendant's track was double at that point, the express train passing down on the west track and the accommodation train passing up and stopping on the east track. The station-house was on the west side of the tracks, but there was a platform one hundred and eighty-five feet long on the east side of the tracks against which the accommodation train was accustomed to stop. A street or

highway crossed the tracks of the railroad twenty-five feet south from the south end of this platform, and the house of the deceased was situated on the south side of this street, a short distance west of the crossing, and in sight of it. On the day of his death, the deceased alighted from one of the intermediate cars of the train by the rear platform, at or south of the street-crossing, and on the west side of the up track or between the two tracks. At the instant of his coming to the ground, the express train passed down on the west track, and he fell under the wheels of the train from which he had alighted, was dragged a short distance north and was killed, his body, when extricated, being near the north line of the street crossing. There was some conflict of evidence as to whether the accommodation train had stopped when the deceased got off. Several witnesses testified that it was still in motion. One witness testified that it stopped for an instant, when the deceased alighted, but moved on again immediately. It had not reached its usual stopping place, but was moving up to the platform when the deceased fell under the wheels. The tracks were straight and the view unobstructed for a distance of more than five hundred feet from the place where the deceased got off. Several witnesses on the part of the plaintiff testified, that they heard no bell rung nor whistle sounded by the express train, while the engineer of that train testified, that he sounded the whistle to "down brakes" about eight hundred feet north of the scene of the accident, and that the fireman rang the bell as they came down to and past the station; and a brakeman, who was on the rear platform of the up train, testified that he heard the whistle, and, leaning over, saw the down train approaching before it reached the up train. The deceased was frequently a passenger by the same train, and it was shown, under objection of the defendant, that he and other passengers were in the habit of getting off on the west side of the cars. It was not proved whether the deceased was struck by the down train, or whether, in stepping back from it, he fell under the wheels of the other. The injuries which produced his death were inflicted by the wheels of the up

train, and there was no injury attributable to a blow from the down train.. The evidence being in, the defendant moved to dismiss the complaint, on the ground, that the deceased's own negligence contributed to occasion the injury complained of. The court denied the motion, and the defendant excepted. The defendant also requested the court to charge the jury, that it was the duty of the deceased to look in the direction from which the express train was due before he attempted to cross the track, and that if he omitted to do so such omission was negligence on his part which precluded a recovery, which the court declined to charge, and the defendant excepted.

The jury found a verdict in favor of the plaintiff for $4,000, upon which judgment was entered, and such judgment having been affirmed at the General Term, the defendant appeals to this court.

*C. A. Rapallo*, for the appellant.

*R. W. Van Pelt*, for the respondent.

Dwight, J. The rules of law, applicable to this case, must be considered as settled, viz.: First, that the parties seeking to recover for injuries occasioned by the negligence of another, must be shown to be free from negligence contributing in any degree to occasion the injury complained of.

Second, that a person attempting to cross the track of a railroad must make use of his ordinary faculties to ascertain if there is danger in the attempt, or he will be held guilty of negligence. *Ernst* v. *The Hudson R. R. R. Co.*, 36 How. 84; (*Wilcox* v. *The Rome & Watertown R. R. Co.*, decided at the September Term of this court.)

Third, that the question of negligence, the facts being uncontroverted, is a question of law for the court.

Applying these principles to the uncontroverted facts of this case, and I am constrained to conclude, that the judgment cannot be sustained. The deceased was attempting to cross the west track of the defendant's road at the moment when an express train passed over that track. He had been

frequently a passenger by the train from which he alighted at the same moment, and lived in sight of the crossing. He must have known that the express train was due at that point within one minute of the time, and, allowing for very slight delay on the part of the accommodation train, that the express train was liable to pass at that very moment. With this knowledge, it was especially his duty to look out for the train before going upon its track. He either did look out for it, or he did not. If he did not, he was guilty of negligence in the omission; if he did, he must have seen the approaching train within a few feet of him, and his attempt to cross in front of it was recklessness. In *Ernst* v. *The Hudson River Railroad Company (supra)*, WOODRUFF, J., says, " A traveler approaching a railroad track is bound to use his eyes and his ears, so far as there is opportunity, and where, by such use of his senses, he might avoid danger, notwithstanding the neglect to give signals or warning, his omission is concurring negligence, and should be so peremptorily declared by the court; and when proof of this is clear, the plaintiff, thus negligent, should be nonsuited." It was undisputed, in this case, that the track was straight and the view unobstructed, for from five hundred to six hundred feet north from the point at which the deceased stepped from the cars, and the conclusion is inevitable, either, that the deceased omitted to look up the track, or that he saw the approaching train. It cannot be said that he was required to alight at the point where he did, and between the two tracks; so far from this, it seems to me proof of additional negligence on his part that he did so. It is very doubtful whether the train by which he was a passenger had stopped at all when he got off, and if it had, it is certain that its stop was only momentary, and not for the purpose of discharging its passengers. It had not reached its stopping place, and when the deceased fell it was moving on toward the platform where it usually discharges its passengers. It is true, that the station-house was on the west side of the track, but there was a platform for the up trains on the east side, and the deceased was not going to the station-house, but to his own house, by a shorter

route.   It seems to me very clear how this casualty occurred : The car in which the deceased was riding had reached the crossing of the street upon which he lived; to get off there saved him a few steps of distance and a few moments of time, and forgetful of the danger from the express train, of which a moment's reflection would have reminded him, he stepped from the car at the street crossing and on the side nearest his home, without so much as looking up the track to see if the express train was coming.   That train passed at the moment of his coming to the ground; he started back to avoid it and slipped or stumbled under the wheels of the train in motion behind him.   Had he kept his seat until the train in which he was seated had stopped to discharge its passengers, or, in default of that, had he looked up the track before stepping down from the platform of the car, either precaution would have saved his life.   He omitted both and was guilty of negligence, which gave occasion for the injury complained of.   In my opinion, the motion for a nonsuit should have been granted; but if not, it is very clear, under the decisions of this court, above cited, that the defendant was entitled to the instruction to the jury asked for, viz., that it was the duty of the deceased to look in the direction from which the express train was due before attempting to cross the track, and that if he omitted to do so he was guilty of negligence which precluded a recovery, and that the court erred in refusing so to charge.

Upon both of these grounds, I think the judgment should be reversed and a new trial granted.

Judgment reversed.