COMMONWEALTH *vs.* BOSTON & MAINE RAILROAD.

Middlesex.   Jan. 29. — Oct. 23, 1880.   MORTON, J., absent.   LORD, J., did
not sit.

A passenger on a railroad left the train of cars after the conductor had called
out the name of the station to which he was entitled to be carried, and the
car in which he was had passed the station and had almost stopped; and, while
crossing to the station, was killed by a locomotive engine on a parallel track,
the approach of which he might have seen had he looked before leaving the
train. *Held,* on an indictment against the railroad corporation, on the St. of
1874, *c.* 372, § 163, that, if an indictment would lie for the death of a passenger
not in the exercise of due care, the person killed had ceased to be a passenger by
leaving the train while in motion.

INDICTMENT in nine counts, on the St. of 1874, *c.* 372, § 163,
for causing the death of John H. R. Hill.   Some of the counts
charged that Hill was a passenger; and others that he was not
a passenger, nor in the employment of the defendant corpora-
tion, and that he was in the exercise of due care.

At the trial in the Superior Court, before *Rockwell,* J., there
was evidence tending to show that Hill left Boston on October
22, 1878, as a passenger on a train of cars of the defendant
for Oak Grove; that, before reaching the station, the conductor
called out "Oak Grove," and the train slowed up, and, when
opposite the station, almost stopped, but started again as the
engineer saw a train approaching on a parallel track between
the track his train was on and the station; that Hill stepped
off of the platform of a car, which had passed the station, just
before the train started, reached the ground in safety, and was
killed by the approaching train while crossing to the station;
that, if he had remained on the car, he would not have been
injured; that, if he had looked before getting off, he would have
seen the approaching train; and that the defendant was negli-
gent in the management of this train.

The defendant asked the judge to rule that Hill, by volun-
tarily leaving the train while it was in motion, ceased to be a
passenger; and that there was no evidence to support any of
the counts of the indictment.   The judge declined so to rule;
and instructed the jury that, if the train had arrived at the sta-
tion, although it had not entirely stopped, and Hill stepped off,

without injury from the train he had been on, and, while on his way to the platform by the way provided, was injured by the gross negligence of the defendant, they might return a verdict of guilty, although Hill was not in the exercise of due care. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*D. S. Richardson & G. F. Richardson,* for the defendant.

*T. H. Sweetser & G. A. James,* for the Commonwealth.

SOULE, J. It is contended on the part of the government that, where the person killed was a passenger, the statute does not require, in order to the maintenance of an indictment, that he should have been using due care. But whether this is so or not need not be decided, because, in the opinion of a majority of the court, when Hill was killed he was not a passenger within the meaning of the statute.

It is undoubtedly true that one who has bought a ticket, or otherwise become entitled to transportation on a particular train of cars of a railroad corporation, is ordinarily a passenger of the corporation from the time when he reasonably and properly starts from the ticket-office or waiting-room in the station to take his seat in a car of the train, till he has reached the station to which he is entitled to be carried, and has had an opportunity, by safe and convenient means, to leave the train and roadway of the corporation at that station. *Warren* v. *Fitchburg Railroad,* 8 Allen, 227. The duty of the corporation toward him is to furnish a well-constructed and safe road, suitable engine and cars, competent and careful enginemen, conductors and other necessary laborers, in order that all injuries which human foresight can guard against may be prevented. But this duty rests on the corporation only so long as the passenger sees fit to be carried by it; and, if he chooses to abandon his journey at any point before reaching the place to which he is entitled to be carried, the corporation ceases to be under any obligation to provide him with the means of travelling further. And while it is true that, if he leaves the train while it is at rest at a station, he is entitled to an opportunity so to do in safety, it is equally true that the corporation is not under any obligation to make it safe for him to leave the train while it is in motion, and that, if he does so, he assumes all risk of injury. *Gavett* v. *Manchester &*

*Lawrence Railroad*, 16 Gray, 501. It would not be contended by any one that an indictment under the statute could be maintained against a railroad corporation for causing the death of one who, without looking to see if the track was clear, jumped from a train which was running at ordinary speed between stations, and was immediately afterward killed by the engine of a train going in the opposite direction on another track. The indictment would fail because the facts showed that the corporation owed no duty to the deceased. He would have ceased to be a passenger, by voluntarily leaving the train at a place and time when and where the corporation could not anticipate that he would leave it, and when and where the corporation was under no obligation to see that he had an opportunity to leave its roadway in safety after leaving the train. He would have become an intruder on the track of the corporation, acting without any regard to the dangerous character of the situation, and not entitled to protection against the consequences of his own negligence. The principle involved in the supposed case is involved in and governs the case at bar.

So long as the train was in motion, Hill could not leave it and still retain his right to protection till he had left the roadway of the corporation. By leaving the train while in motion, he ceased to be a passenger, and to have the rights of a passenger, as completely, though the train was moving slowly, and was near by the station, as if he had left it while moving at full speed between stations. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429. The fact that the car in which Hill was had passed the platform of the station to which he was entitled to be carried did not give him the right to leave the train at the risk of the company. If he sustained any injury by being carried beyond the station, his remedy would be by an action, counting on that injury.

Hill, having ceased to be a passenger, was on the track of the defendant's road under circumstances which preclude the idea that he was in the exercise of due care. The evidence on this point is all in one direction, and is to the effect that, if he had looked, he could not have failed to see that the approaching train on the other track was so near that he could not cross the track before it would strike him.

It follows that the defendant was right in asking the ruling that there was no sufficient evidence to support either count of the indictment. There was no evidence to support the counts in which Hill is alleged to have been a passenger, because, by his voluntary act, he had ceased to be a passenger, or to be entitled to protection as a passenger. There was no evidence to support the counts in which he is alleged not to have been a passenger, because there was no evidence that he was in the exercise of due care.                    *Exceptions sustained.*