### McPHILLIPS, Adm'r, *v.* NEW YORK, N. H. & H. R. Co.

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

ACCIDENT TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate, a boy, crossed the defendant's track in front of a rapidly approaching train, less than 300 feet distant. In attempting to recross the track, his foot became entangled, and before he could extricate himself he was run over and killed. The court was requested to charge that "if the plaintiff's intestate attempted to cross, with the train advancing in plain sight, at or nearer than the fourth telegraph pole below the crossing, he was guilty of contributory negligence and cannot recover," which request the court refused. *Held* that, the facts embodied in the request being presented by the evidence in the case, the question of contributory negligence arising therefrom was one of law for the court, and that the court erred in refusing to instruct the jury as requested. Following *Gonzales* v. *Railroad Co.*, 38 N. Y. 440; *Glacius* v. *Black*, 67 N. Y. 563.

Appeal from trial term.

Action by Patrick J. McPhillips, as administrator of the estate of John B. McPhillips, against the New York, New Haven & Hartford Railroad Company, to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence. John B. McPhillips, the plaintiff's intestate and son, a school lad, was killed on the 3d day of May, 1881. He had left his school at about 12 o'clock on the day when he was killed, in company with a number of other boys, including his brothers. They went west on 169th street towards the railroad upon which the trains of the defendant company run. The boys were intending to cross the track, and go to the woods on the other side. Ray Kilbourn and Cyrus D. Aiken, besides the decedent, crossed the track. 169th street was not open across the track, but 17 feet 3 inches south of the southerly curb of 169th street there was an opening through the fence which inclosed the tracks of the railroad. This opening led to a grade crossing over the tracks. This crossing had been used for a long time by vehicles and pedestrians crossing the tracks. The crossing was constructed by placing on the inner side of each rail of the tracks a guard-rail slightly lower than the main rail. Against this rail, on the inner side of the track, was placed a plank, flush with the guard-rail at the point of contact with it, and beveled away from the guard-rail, so that it furnished an incline by which vehicles might easily cross over the track. Young McPhillips passed over this crossing to a point to the west of the track. He then turned back, in order to chase his little brothers back into Railroad avenue, on the east of the track. After chasing them back, he went again to the west, and, while crossing the east-bound track, fell upon the westerly rail, and before he could arise the engine on a train of the defendant company coming from New York struck him, and he was instantly killed. The defendant requested the court to charge that "if the plaintiff's intestate attempted to cross, with the train approaching in plain sight, at or nearer than the fourth telegraph pole below the crossing, he was guilty of contributory negligence, and cannot recover," which request the court refused. There was a verdict and judgment for the plaintiff, and the defendant appeals from an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Page & Taft,* (*Henry W. Taft,* of counsel,) for appellant. *Christopher Fine,* for respondent.

PER CURIAM.   The omission of counsel to insert in the case a statement that it contains all the evidence precludes consideration of the proposition so elaborately argued, that the verdict is against the weight of evidence.   *Claflin* v. *Flack*, *ante*, 916, (February term;)   *Arnstein* v. *Haulenbeek*, 11 N. Y. Supp. 701.   Nevertheless the judgment must be reversed for prejudicial error in the charge to the jury.   The action is to recover damages for the death of a lad, alleged to have been caused by defendant's negligence.   The deceased, having crossed the railway, returned to warn back two boys, who were following him.   He then started to cross again, but his foot became entangled on the track, and before he could extricate himself he was run over and killed. Evidence was given tending to show that when he attempted to recross the track a rapidly approaching train was in full view, past the fourth telegraph pole, and at a distance less than 300 feet away.   Thus was presented the question of the contributory negligence of the defendant; and accordingly the court was requested to charge that "if the plaintiff's intestate attempted to cross, with the train advancing in plain sight, and at or nearer than the fourth telegraph pole below the crossing, he was guilty of contributory negligence, and cannot recover.   *The Court.* I leave that to the jury.   It is a question of fact.   The defendant's counsel thereupon excepted."   Here was manifest error.   The question of contributory negligence, upon a conceded or supposed state of facts, is one of law for the court, (*Gonzales* v. *Railroad Co.*, 38 N. Y. 440;) and it is error to submit it to the jury, (*Glacius* v. *Black*, 67 N. Y. 563.)   It was the duty of the court to instruct the jury as to the law upon a predicament of fact presented by the evidence.   The question involved was the vital one in the case, and we cannot say but that, had the court given the correct instruction touching it, the jury would have found that the negligence of the decedent was the cause of his death.   Indeed, upon review of this very case, on appeal from a judgment for plaintiff at a former trial, we held that the attempt of the plaintiff to cross the track under the circumstances indicated above "was negligence on his part, whether he could or could not have crossed in safety had he not been delayed by catching his foot or stumbling, and that a motion to dismiss the complaint on the ground of his contributory negligence should have been granted."   12 Daly, 366.   And such is the law as propounded by the court of appeals.   *Ernst* v. *Railroad Co.*, 35 N. Y. 9; *Tolman* v. *Railroad Co.*, 98 N. Y. 203, 204; *McClain* v. *Railroad Co.*, 116 N. Y. 465, 22 N. E. Rep. 1062; *Woodard* v. *Railroad Co.*, 106 N. Y. 369, 13 N. E. Rep. 424; *Donnelly* v. *Railroad Co.*, 109 N. Y. 16, 15 N. E. Rep. 733. Other errors are apparent on the record, but the fatal effect of the one considered dispenses with the discussion of them.   Judgment reversed, and new trial ordered; costs to abide the event.