LEWIS TERRY, AS ADMINISTRATOR, ETC., Respondent, *v.* HUGH J. JEWETT, AS RECEIVER, ETC., Appellant.

As a passenger train was approaching a railroad station from the east, the engineer of a freight train, approaching from the west upon a track between that on which the passenger train was and the depot, supposing he could pass the station before the passenger train could reach it and make a stop, ran his train past just after the other train reached the depot, at a speed of from six to eight miles an hour, cutting off a passage from the depot to said passenger train. The evidence tended to show that on no previous occasion had a freight train so passed the station, and it was not shown that any notice was given of its approach. J., plaintiff's intestate, was at the station depot for the purpose of taking the passenger train ; that train, according to the testimony of one of plaintiff's witnesses, came to a stand-still, and then started up a little, when J. walking rapidly toward it across the intervening track, without looking to see if a train was approaching thereon, was struck by the engine of the freight train, and killed. In an action to recover damages for the death, *held*, that the act of the engineer was culpable and gross negligence ; that it was not negligence, as matter of law, for J. to attempt to cross the track without looking, but that the question of contributory negligence was one of fact for the jury.

The ringing of the bell or the sounding of a whistle in such a case, upon the engine of the freight train, is no answer to the allegation of negligence ; the statutory enactment upon this subject is not intended to provide for a notice to passengers seeking to get on a train at a station.

It is to be assumed that a railroad corporation, in the exercise of ordinary care, will so regulate its trains that the road will be free from interruption or obstructions when passenger trains stop at a depot to receive and deliver passengers.

The rule, therefore, requiring a traveler on a highway crossing a railroad track, to use his eyes and ears to ascertain whether a train is approach-

ing, does not apply to passengers who are crossing a track at a station to get on a train.

The court refused to charge that the jury, in estimating the damages, might take into consideration the fact that plaintiff would be entitled to the property of the deceased as her next of kin. *Held*, no error.

(Argued September 23, 1879; decided October 7, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict.

This action was brought to recover damages sustained by reason of the death of the plaintiff's intestate, caused, as alleged, by the negligence of the defendant's servants.

The injury occurred April 18, 1876, at a station at Darien, Genesee county, on the Erie railway, then being run by defendant as receiver, where the intestate was waiting to take a passenger train for Buffalo. There are two tracks upon defendant's road at that point, running in an easterly and westerly direction. The station is on the south side of the railroad. Just west of the station is a public highway crossing the railroad. A freight train was coming from the west on the south track, and, according to the uncontradicted testimony, its bell was ringing as it approached the highway. At the same time the passenger train, which the intestate was waiting for, then due, approached the station from the east on the north track. The passenger train, after slacking its speed as if to stop at the passenger station, and, as one of plaintiff's witnesses testified, coming to a stand still, started up to reach a milk platform, a short distance further to the west. At that instant — and while the passenger train was yet moving slowly — the intestate, without looking to see if any train was approaching, apparently not seeing or hearing the freight train, started from the station to go to the passenger train. She walked rapidly in a north-easterly direction, and just as she stepped across the first rail of the south track, she was struck by the engine of the freight train, which was running

at the rate of six to eight miles an hour, and she received injuries of which she died the next day.

Further facts appear in the opinion.

*E. C. Sprague*, for appellant. There was no warranty on the part of defendant exempting plaintiff's intestate from the exercise of due care. (*Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y., 9; *N. Orleans Co.* v. *Slatham*, 42 Miss., 607; Wharton on Neg., § 372, note.) The jury had no right to find, as a question of fact, that plaintiff's intestate was free from contributory negligence. (*Warren* v. *Fitchburg R. R. Co.*, 8 Al., 227.) A party approaching a railroad track cannot assume that no negligence will occur, and that the passage across the track will be safe. (*Steves* v. *Oswego and Syracuse R. Co.*, 18 N. Y., 422; *Wilcox* v. *Rome, etc. R. Co.*, 39 id., 358, *Havens* v. *E. R. Co.*, 41 id., 296; *Phillips* v. *R. and S. R. Co.*, 49 id., 177; *Cordell* v. *N. Y. C. and H. R. R. R. Co.*, 70 id., 119; *Baxter* v. *T. and B. R. R. Co.*, 41 id., 502; Wharton on Neg., §§ 353–376–382.)

*Wm. H. Gurney*, for respondent. The deceased was entitled to a safe passage from the ticket office to the train. (*Phillips* v. *Saratoga R. R. Co.*, 57 Barb., 644; *Curtis* v. *Detroit and Milwaukee R. R. Co.*, 27 Wis., 158; *Gonzales* v. *N. Y. and H. R. R.*, 39 How., 407; *Hulbert* v. *N. Y. C. R. Co.*, 40 N. Y., 145; Lacey's Dig., 409 and 411; *Keating* v. *N. Y. C. R. R. Co.*, 49 N. Y., 47; *Filer* v. *N. Y. C. R. R.*, 49 id., 47.) The deceased had the right to suppose and act on the presumption that the defendant would itself act in accordance with the rights of both parties, and if she was injured while acting under this presumption by the negligent act of the defendant she was not guilty of contributory negligence. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y., 383; *Gonzales* v. *N. Y. and Harlem R. R. Co.*, 39 How., 407; *Jetter* v. *N. Y. and Harlem R. R. Co.*, 2 Keyes, 454; *Klein* v. *Jewett, Recv. etc.*, 26 N. J. Eq., 474; affirmed, 27 id., 550; *Griffen* v. *N. Y. C. R. R. Co.*, 40 N. Y., 34;

*Herbert* v. *N. Y. C. R. R. Co.*, 40 id., 145; Brightley's Dig., 2764, § 209; *Keating* v. *N. Y. C. and H. R. R. Co.*, 49 N. Y., 673; *Twomley* v. *Central Park N. and E. R. R. Co.*, 69 id., 158; *Eppendorf* v. *B. C. and N. R. R. Co.*, 69 id., 195; *Filer* v. *N. Y. C. R. R. Co.*, 68 id., 124; 8 Allen, 227.) The question of negligence and contributory negligence was properly submitted to the jury. (*Hackford* v. *N. Y. C. and H. R. R. R. Co.*, 53 N. Y., 654; *Bassett* v. *Fish*, 12 Hun, 209; *Haring* v. *N. Y. and Erie R. R. Co.*, 13 Barb., 9; 68 N. Y., 386; Brightley's Dig., 2767, §§ 233, 234, 236.) It is only when there is no dispute about the facts that negligence becomes a question of law for the court. (*Morrison* v. *Erie R. R. Co.*, 56 N. Y., 302; Fields on Corp., § 543.) Parties waiting at a station to take the cars already stand in the relation of passengers and are entitled to protection in that capacity. (Edwards on Bailment, § 698; *Gordon* v. *Grand St. and N. R. R. Co.*, 40 Barb., 546; *Treux* v. *Erie R. Co.*, 4 Lans., 198; *Packet Co.* v. *Clough*, 20 Wallace, 528.) Placing another in peril not relieved because the one endangered does not use good judgment in trying to extricate himself. (*Voak* v. *Northern Cen. R. R. Co.*, vol. 18, Albany L. J., 497; *Filer* v. *N. Y. C. and H. R. R. Co.*, 49 N. Y., 47; *Coulter* v. *Amr. Ex. Co.*, 56 id., 585.) The court properly declined to charge that in estimating the damages the jury should take into consideration that the plaintiff would be entitled to the property of the deceased. (3 R. S., 569, § 4; *Oldfield* v. *N. Y. and H. R. R. Co.*, 14 N. Y., 310.)

MILLER, J.  Upon the trial the main controversy related to the questions arising as to the negligence of the railway company and the deceased.  It is urged that no negligence had been proved on the part of the defendant, and that the jury were not authorized to find, as a question of fact, that the deceased was free from contributory negligence.  A motion was made for a nonsuit at the conclusion of the plaintiff's evidence, and to dismiss the complaint at the close

of the case, upon each of these grounds. Unless, as a matter of law, there was a defect in the case made out by the plaintiff in one or both of the particulars stated, each of these motions was properly refused. We think there was no error in this respect. The evidence shows that the engineer of the freight train attempted to pass the station before the passenger train could reach it and make a stop, and he ran his train past the station upon the track in front and inside of the passenger train, so as to cut off a passage to the latter, at a rate of speed from six to eight miles an hour. The engineer supposed he could pass before the arrival of the passenger train, and, as the result shows, he clearly committed an error of judgment. The two trains, coming in at the same time, created great noise and confusion, and the deceased failed to exercise that care and caution which would have prevented the accident, and rushed on until she was struck by the freight train. If the freight train had not proceeded in this unusual manner, the catastrophe would not have occurred. The act of the engineer was one, under the circumstances, of a dangerous character, as the result shows. It is manifest that it might seriously interfere with passengers who were about to take the train, and of itself was an act of culpable and gross negligence.

It may be assumed that a railroad corporation, in the exercise of ordinary care, so regulates the running of its trains that the road is free from interruption or obstruction where passenger trains stop at a station to receive and deliver passengers. Any other system would be dangerous to human life, and impose great risks upon those who might have occasion to travel on the railroad. In the case at bar there was evidence tending to show that a freight train had not on any previous occasion passed that station when a passenger train was standing, or close at hand; and it is not shown that any notice was given of the approach of the freight train, or that there was reason to expect it. The ringing of the bell or the sounding of the whistle is no answer to the allegation of negligence. The statutory enactment on this subject relates to the passing

over a crossing in a highway, and is not intended as a notice to passengers seeking to get on a train at a station. It is evident that it was insufficient, as it appears that it was not heard by the deceased, and was not likely to be noticed amidst the confusion and excitement of two trains passing each other, under the circumstances. It certainly was quite an unusual occurrence and a palpable disregard of the rules which require reasonable care and diligence to avoid accident to run a freight train so as to interfere with passengers who were on their way to the cars. As the evidence stood, there was sufficient to submit the question of the defendant's negligence to the jury, and to authorize a finding that the defendant was negligent; and in this respect their verdict should be upheld.

A more serious question is presented in regard to the contributory negligence of the deceased. She was at the depot for the purpose of taking the train which was due about that time, and while there had purchased a ticket for that purpose. Her father, who accompanied her, had looked for the train, informed her in the sitting-room that the train was coming, that it was a good way off and would not be there for some time. He passed from the sitting-room to the station, and the deceased left the station while he was absent, walked diagonally towards the cars, across an intervening track, and as the passenger train approached, the freight train struck her. The passenger train had not stopped when she left the station. According to the testimony of one of the witnesses, the train came to a stand-still and then started a little; and thus it would appear that the deceased had some reason for supposing that the train was starting on its way, although it seems she was mistaken in respect to its going on. She evidently, however, was impressed with the necessity of haste in reaching the train, and she proceeded on, without looking to see whether any other train was approaching. Had she done so, she would, no doubt, have seen the freight train and avoided the accident. There would have been no impropriety in her moving towards the passenger train had

she exercised due care and caution, as she had reason to believe that the train was near at hand and there was an implied invitation to cross the track. This was an assurance that she could do so with entire safety, but did not justify negligence on her part. Was she chargeable with negligence in omitting to look and listen, for the purpose of seeing that a freight or any other train was coming ?

The rule is well settled that a traveler crossing a railroad track on a public highway is bound to use his eyes and ears to ascertain whether a train is approaching; but this rule has not been held in this State to apply to passengers who are crossing a track at a station to get on a train. There is a difference between the care and caution demanded in crossing a railroad track on a highway and in crossing while at a depot of a railroad company to reach the cars. No absolute rule can be laid down to govern the passenger in the latter case under all circumstances. While a passenger has a right to pass from the depot to the train on which such passenger intends to travel, and the company should furnish reasonable and adequate protection against accident in the enjoyment of this privilege, the passenger is bound to exercise proper care, prudence and caution in avoiding danger. The degree of care and caution must be governed in all cases by the extent of the peril to be encountered and the circumstances attending the exposure. In the case at bar it was, we think, a question of fact for the jury to decide, whether the deceased, under all the circumstances, was chargeable with contributory negligence; and the judge properly charged that if they found that she exercised that care, caution and prudence which would be expected to be used by persons possessing ordinary care and prudence under like circumstances, she was free from negligence. This fairly presented the question of contributory negligence to their consideration and furnishes no ground for exception.

The charge that the deceased had a right to assume that the defendant would run its train in a lawful manner, and to act accordingly, was also correct. She had no ground for

supposing otherwise than that due care and caution would be observed in caring for the passengers on the road, while passing from the depot to the cars; and such a conclusion was fully warranted.

The refusal to charge that the engineer had a right to assume that no one would pass from the sitting-room across the platform on the track, without looking up or down the track, was not erroneous. The engineer was bound to exercise proper care; and he had committed a .gross act of negligence in passing while a passenger train was approaching. He might well have supposed that a passenger at a depot might pass to a train without looking; and it is no justification or excuse for his negligence that he relied upon the passenger's looking; and it was for the jury to say, in view of all the facts, whether he was negligent.

We have considered the cases cited by the counsel for the appellant, and do not find that any principle therein laid down has been violated by the judge upon the trial. The case of *Warren* v. *Fitchburg R. R. Co.* (8 Allen, 227), which is especially relied upon, does not, we think, sustain the views of the appellant's counsel. It was there held that crossing a railroad track without looking to see if a train is coming, is not conclusive proof of a want of care; and that. where a person who has bought a ticket and attempted to follow the station agent, at his suggestion, to take the train which had stopped, is struck by a passing train, which he. did not look for to see until too late to save himself, it was proper to submit, as a question of fact for the jury to determine whether he was careless. Although the facts differ somewhat from the case at bar, this decision sustains the doctrine that, under circumstances like those here presented, the question of contributory negligence was for the jury. The same principle is upheld, under circumstances bearing a striking analogy to the case considered, in *Klein* v. *Jewett* (26 N. J. Eq., 474; affirmed in 27 id., 550).

There was no error in the refusal to charge that, in estimating the damages, the jury might take into consideration

the fact that the plaintiff would be entitled to the property of the deceased, of which she was the owner at the time of her death, as her next of kin, by reason of her death. The court did charge that the jury could only find a verdict for the pecuniary injury sustained by the death of the deceased. This was in conformity with the statute which gives damages in such cases, and, we think, covered the facts in the case. It is certainly not clear that the pecuniary injury would be any less because the deceased was a thrifty person who had accumulated some property, and that by her death the next of kin would inherit the same. In fact, the death of such a person might, for this very reason, be a greater loss in a pecuniary point of view. Such considerations, however, could not properly affect the question of damages in an action like the present.

In the examination of the case at bar, we have given due weight to the suggestions made by the learned counsel for the appellant, and are unable to find any error upon the trial which authorizes a reversal of the judgment. It must therefore be affirmed.

All concur.

Judgment affirmed.