On the morning of April 10, 1868, the plaintiff's intestate, a girl seventeen years of age, entered the cars of the defendant at Syracuse to go to East Syracuse, a station on the line of defendant's road, where she had resided for seventeen months prior to that time. The train was not one of the regular passenger trains upon the defendant's road. It ran in the morning from Syracuse to East Syracuse, primarily for the purpose of conveying employees of the road to the latter place, where a machine shop and freight-house of the defendant were located, and returned in the evening to take the employees to their homes. But the defendant carried on this train other persons desiring to go thereon, as ordinary passengers, on the payment of fare and it was in charge of a uniformed conductor. There was a station-house at East Syracuse, located on the south side of the road, but this train did not stop at the station, but at a point about 1,300 feet further cast, opposite the freight-house and yard of the defendant located north of the tracks. There were at this point about twenty tracks. The special train ran on the third track from the south, and the two tracks between this track and the south line of the road were used for ordinary passenger trains. The road at the point where the special train stopped was not planked, and there was nothing in the arrangements of the roadway to indicate on which side passengers should leave the train. The house where the deceased was employed was about two hundred feet south of the defendant's road in sight of the trains passing thereon. On the morning in question the "special" stopped at the usual stopping-place, and thirty or forty employees of the defendant left the cars on the north side to go to their work. The deceased was in company with an old lady, and when the train stopped, she got off on the south side of the cars, and then turned around to assist the old lady in alighting. There was a path seventy or eighty feet west of the point where the deceased left the car, leading south across a field to or near to the house where she lived. The deceased and her companion, as *Page 245 
soon as they got off of the car, turned and walked a few steps in a south-westerly direction until they reached the second track, when a passenger train from the east, which was ten or fifteen minutes behind time and running at the rate of thirty-five or forty miles an hour, struck them and both were killed. But a few seconds elapsed after they left the car before they were struck. The evidence tends to show that they did not look to the east after leaving the car. If they had looked they would have seen the approaching train, the track at that point being straight for a half a mile or more east of the place of the accident. There is no evidence that the conductor or other person connected with the train gave any instructions to passengers where to alight, or any warning of the approaching train; and evidence was given tending to show that no instruction or warning was given. The whistle of the passenger train was sounded just before the accident, but not in time to prevent it.
The only question of doubt in the case arises upon the claim that the deceased, in not looking to the east before attempting to cross the second track, was guilty of contributory negligence. The court charged in substance that the plaintiff could not recover unless the deceased exercised ordinary care and prudence under the circumstances, or if her negligence contributed to the accident, but refused to charge that her omission to look to the east was per se negligence. But the court did charge that if the deceased knew or had reason to believe that the passenger train was behind time, or that it might come along at any moment, then she was bound to look, and an omission to do so was negligence. The refusal of the court to charge that the omission of the deceased to look to the east before going upon the track was in law negligence, is sustained by the case of Terry,Adm'r, v. Jewett (78 N.Y. 338). That case does not interfere with the rule established by many cases, that a traveler on a highway is bound, before attempting to cross a railroad track, to look for approaching trains, and that an omission to do so is negligence. In Terry, Adm'r, v. Jewett, it appeared that the plaintiff's intestate had purchased at a station a ticket with the intention of taking passage on a train, and *Page 246 
seeing the train approach she left the station-house before it had stopped, to go to the cars, and while passing over an intervening track, was struck and killed by a freight train moving in an opposite direction. She did not look in the direction of the freight train before going upon the track. If she had looked she would have seen it. This court sustained the recovery in that case. A passenger, when taking or leaving a railroad car at a station, has the right to assume that the company will not expose him to unnecessary danger; and while he must himself exercise reasonable care, his watchfulness is naturally diminished by his reliance upon the discharge by the company of its duty to passengers to provide them a safe passage to and from the train. In this case the defendant received the deceased as a passenger. It stopped the train east of the regular stopping place of trains, for the convenience of its employees. But it was also the place for the alighting of passengers who might have taken passage in it. It gave no warning to the deceased of danger. It knew that the train from the east had not passed this point and was behind time. There was no direction to passengers not to get off on the south side, and nothing to indicate that it was improper to do so. If the deceased knew of the regular time for the eastern train to pass this point, she must also have known that it usually passed before the special train arrived. In view of the circumstances, we are of opinion that the case on the point of the negligence of the deceased was properly submitted to the jury, and that the court would not have been justified in withdrawing it from their consideration. The fact that the deceased did not look for the approaching train was a material and important fact to be considered by the jury upon the point of contributory negligence; but her omission to do so was not in law decisive against a recovery.
We have examined the other points presented and they furnish no ground for the reversal of the judgment.
The judgment should be affirmed.
All concur, except EARL and FINCH, JJ., not voting, and RAPALLO, J., absent.
Judgment affirmed. *Page 247