MARY A. SHARPLEY, Respondent, *v.* FRANK BROWN
   AND DANIEL CONNELLY, Appellants.

*Civil damage act — when the remarriage of the plaintiff may be shown as bearing upon the question of damages.*

Upon the trial of this action, brought by the plaintiff, under the civil damage act to recover damages sustained through the death of her husband, which was alleged to have been caused by intoxicating liquors sold by the defendant, it was proved, without objection, that the plaintiff, after remaining unmarried two and a-half years, was married again to a brother of the deceased with whom she was living at the time of the trial. This evidence was subsequently stricken out by the court, and similar evidence again offered by the defendant was excluded.

*Held,* that the court erred in so doing.

That the evidence was admissible as bearing upon the question as to the degree in which plaintiff had been injured in her "means of support."

*Volans* v. *Owen* (74 N. Y., 526) followed.

APPEAL by defendants from an order denying a motion to set aside a verdict rendered at the Albany Circuit, in favor of the plaintiff for $1,250, and from the judgment entered on the verdict.

The action was brought by the plaintiff, as the widow of James Sharpley, deceased, to recover damages sustained by her from his death, alleged to have resulted from his intoxication, which was caused by liquors sold to him by one of the defendants, a hotel keeper, who was the tenant of the other defendant.

It was proved on the trial, without objection, that the plaintiff, after remaining the widow of the deceased from July, 1882, to January, 1885, a period of two years and a-half, was then married again to a brother of the deceased, with whom, as her husband, she was living at the time of the trial, and who gave her a better support than her first husband. The court subsequently, of its own motion, struck out this evidence, the plaintiff's counsel stating that they did not ask to have it stricken out, and the defendants' counsel excepting thereto. The defendants, at a later stage of the trial, again offered to prove the same facts, and the evidence was rejected.

*Doyle & Fitts*, for the appellant Brown.

*E. J. Meegan*, for the appellant Connolly.

*L'Amoreaux & Dake*, for the respondent.

LEARNED, P. J.:

In *Volans* v. *Owen* (74 N. Y., 526), which was an action for injury to "means of support," the court say that the accustomed means of maintenance must have been cut off or curtailed, and that "diminution of income or loss of property does not constitute an injury to means of support within the fair intendment of the statute, if the plaintiff, notwithstanding, has adequate means of maintenance from accumulated capital or property, or his remaining income is sufficient for his support."

This remark shows that actions, under the so-called civil damage act, are different from those of which a large number are cited by the plaintiff's counsel, as, for instance, *Terry* v. *Jewett* (78 N. Y.,

338), *Kellogg* v. *New York Central and Hudson River Railroad Company* (79 id., 72) and the like. In actions for common-law injuries to the person the damages would not be diminished by the possession of "accumulated capital or property" by the injured person. But in this class of actions the court say that such possession not merely might diminish the damages, but might altogether defeat the action. (*Stevens* v. *Cheney*, 36 Hun, 1.)

Now the possession of another husband might be as useful to this plaintiff as the possession of "accumulated capital or property," so far as the means of support were concerned. It is true that she could not have been in possession of another husband at her first husband's death. But if, shortly after her first husband's death, she had come into the possession of such property as gave her an ample support, it seems to us, under the decision above cited, that this might have been shown upon the trial. Evidently the possession of such property at the husband's death may be shown, notwithstanding the possibility that the property might afterwards be lost or become worthless. So it seems to us, as the court have said that the primary purpose was the protection of the dependent and helpless, that it is material to show to what extent the plaintiff is dependent and helpless.

This cause of action was unknown to the common law, and cannot be made analogous to other actions. The plaintiff evidently thought the evidence of the second marriage was proper, because she made no objection to it when given. It was subsequently stricken out by the court, the plaintiff saying that she did not ask to have it stricken out, and an offer of similar evidence was afterwards made and the evidence was excluded. To illustrate, let us suppose that the husband had not died, but had only been disabled from working by his intoxication, and that plaintiff had sued for loss of means of support. Would it not be material, on the question of damages, to show that she had left her husband and was living with, and supported by, another man? So in the present case, she is (but lawfully) living with, and entitled to the support of, another man, her present husband. Does not this condition affect the extent of injury to means of support which she suffers by the former husband's death?

Objection is also made as to proof that plaintiff had six children.

The court very properly held that the plaintiff could not recover for any damages which the children had sustained. In looking at the testimony objected to we find that it was brought out on cross-examination by plaintiff's counsel, and that the defendant's counsel had previously inquired as to the condition of the family of the deceased prior to his death, how they were clothed and fed. Now it might be material and proper, as tending to show whether the deceased failed in respect to his duty, for plaintiff to prove how large the family was, and under the circumstances we think there was no error in this respect. Without examining the other questions which are presented, we are of the opinion that the evidence of the marriage of the plaintiff to another husband should not have been stricken out, and that defendant was entitled to have that considered by the jury on the question of damages.

The judgment and order should be reversed and new trial granted, costs to abide event.

LANDON, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.