THE ATCHISON, TOPEKA & SANTE FE RAILROAD COM-
PANY, APPELLANT, v. SHEAN ET AL., APPELLEES.

1. RAILROAD COMPANY—DUTY TO PASSENGERS.
A railroad company owes a peculiar duty to its passengers for hire.  It
is bound to exercise the highest degree of care and skill reasonably
practicable in the management of its trains.  This duty does not
cease upon the arrival of the train at the place of the passenger's
destination,—it is still bound to furnish him an opportunity to alight,
and to use the utmost care and diligence in providing him a safe
passage from the train to the platform of the depot.

2. SAME.
The same duty is imposed upon the company toward a passenger who,
while on a continuous journey, is going to and returning from the
eating stations provided by the company for the accommodation of
passengers.

3. SAME—NEGLIGENCE.
A passenger on a railroad, while passing from the cars to the depot, is
not required to exercise that degree of care in crossing a railroad
track which is imposed upon other persons.  He has the right to
assume that the company will discharge its duty in making the way
safe; and relying upon this assumption he may neglect precautions
that are ordinarily imposed upon a person not holding that relation.

4. CONTRIBUTORY NEGLIGENCE.
Under all the facts shown in evidence and the circumstances surround-
ing the accident, whether the person injured was guilty of contribu-
tory negligence at the time is a question within the province of
the jury to decide, and one that the court cannot rightfully take
from them.

*Appeal from the District Court of Arapahoe County.*

THE action is brought by Mary E. Shean, the wife, and in
behalf of Moses, Josephine and Mary Shean, the children of
Thomas Shean, deceased, to recover damages against the
railroad company for wrongfully causing the death of said
Thomas Shean.   The facts are as follows :

Thomas Shean was a passanger for hire from Kansas City,
Missouri, to San Francisco, California, on the appellant com-
pany's cars.   On the first day of October, 1887, the section
of the train in which he was being carried arrived at La Jun-

ta, Colorado, between 8 and 9 o'clock in the forenoon. La Junta is an eating station of the company, and a point at which trains stop to allow passengers to take meals, and also at which trains are made up for the north and west. The train was being run in two sections between Kansas City and La Junta, Shean being on the section that arrived first. After stopping at the eating station this section was switched upon a side track, the main track being between it and the station. While so standing and about forty minutes after its arrival, Shean started to go to the eating station for breakfast. While passing diagonally across the main track he was struck by the locomotive drawing the other section, and killed.

The testimony of witnesses as to the rate of speed this section of the train was running at the time varies from six to ten miles an hour. It was also conflicting in regard to whether the bell was being rung at the time of the accident. The following specific interrogatories were submitted to the jury, and answered as follows :

"1st. Do you find from the evidence that the deceased, Thomas Shean, after leaving the car, and before reaching the track where he was injured, listened or looked for an approaching train? Ans. No.

"2d. Do you find from the evidence that if the deceased, Thomas Shean, had looked, before going upon the track where he was injured, he could have seen the approaching train? Ans. Yes.

"3d. Do you find from the evidence that if deceased, Thomas Shean, had stopped and listened before going on the track, he could have heard the approaching train? Ans. No."

General verdict for plaintiffs for $5,000. Motion for new trial overruled and judgment rendered for amount of verdict.

Messrs. WELLS, MACON & FURMAN, for appellant.

Messrs. ROGERS & SHAFROTH, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The ground mainly relied on in the argument before us, and the one we regard as controlling in this case, is whether, upon the evidence, the deceased at the time of the accident exercised such care as an ordinarily prudent man would exercise under like circumstances. In other words, was he guilty of such contributory negligence as would defeat a recovery?

The fact is uncontroverted as found by the jury in answers to interrogatories Nos. 1 and 2 that the deceased did not, on approaching the track where he was injured, look or listen for an approaching train, and that if he had looked before going upon the track he could have seen the approaching train; and the question is thereby presented, whether the deceased in his relation as a passenger had the right to omit the precaution of looking for an approaching train, and as the court below instructed the jury, " assume that the defendant must so regulate its trains that its tracks between the car he left and the eating station platform would be free from obstruction and safe for him to pass over in going to and returning from the eating house. * * * That defendant is bound to exercise the same degree of care in providing for him a safe and convenient way and manner of access to and from the eating station * * * as in the transportation and carriage of him."

It is said by this court, in *D. & R. G. R. Co. v. Hodgson*, *ante p.* 117:

" The appellant, a common carrier, owed a peculiar duty to the deceased, a passenger for hire. It was bound to exercise the highest degree of care and skill reasonably practicable in the management of its trains. This duty did not cease upon the arrival of the train upon which the deceased was a passenger at the place of his destination. The company was still bound to furnish him an opportunity to safely alight therefrom, and to use the utmost care and diligence in

providing for him a safe passage from the train to the platform of the depot."

The same duty we think is imposed upon the company towards a passenger who while on a continuous journey is going to and returning from the eating stations provided by the company for the accommodation of passengers. While leaving the train for this purpose he does not cease to be a passenger or lose the protection of those regulations that the company is bound to provide for his safety while on its cars, or when rightfully upon its depot grounds ; the same rules of law can be invoked for his protection under such circumstances as are afforded to passengers going to and from its cars. Their duty in the latter respect is well settled. *D. & R. G. R. Co. v. Hodgson, supra.* In the case of the *Pa. R. R. Co. v. White,* 88 Pa. St. 333, it is said :

" It is the duty of the company to provide for the safe receiving and discharging of passengers. It is bound to exercise the strictest vigilance not only in carrying them to their destination, but also in setting them down safely if human care and foresight can do so."

That the deceased had a right to rely on the performance of such duty by the company and proceed without taking the precaution to look and listen, and that the failure to do so is not negligence, *per se,* is decided in numerous cases. To this effect are *Terry v. Jewett,* 78 N. Y. 338 ; *Brassell v. N. Y. C. & H. R. R. Co.,* 84 N. Y. 241 ; *Archer v. N. Y., N. H. & H. R. Co.,* 106 N. Y. 589; *Jewett v. Klein,* 27 N. J. Eq. 550 ; *Baltimore & Ohio R. Co. v. Haur,* 60 Md. 449.

In the *Baltimore & Ohio R. Co. v. Haur,* 60 Md., at page 463, it is said :

" And though the deceased himself was required to exercise reasonable care, yet we may suppose that his watchfulness was naturally lessened by his reliance upon the faithful observance, by the employees of the defendant, of such precautionary rules and regulations as would secure to passengers a safe transfer. * * * And except in the presence of

immediate apparent danger he was authorized to act upon such reliance."

In the case of *Jewett v. Klein*, 27 N. J. Eq. 550, it is held: " That a person who, in passing from the depot to the train he was about to take, was obliged to cross an intervening track, was not guilty of contributory negligence in that he did not before approaching the train look up or down the track to see whether there was danger from an approaching train, and in that he approached the train diagonally from the platform to the station, and before his train had come to a full stop."

By the foregoing and other well considered cases it is settled that a passenger on a railroad, while passing from the cars to the depot, is not required to exercise that degree of care in crossing a railroad track as is imposed upon other persons, and that he has the right to assume that the company will discharge its duty in making the way safe; and, relying on this assumption, may neglect precautions that are ordinarily imposed upon a person not holding that relation. And this distinction is to be taken into consideration in determining the propriety of his conduct.

Under all the facts shown in evidence and the circumstances surrounding the accident, whether the person injured was guilty of contributory negligence at the time is a question within the province of the jury to decide, and one that the court cannot rightfully take from them.

In addition to the cases above cited, see *Warren v. The Fitchburg R. R. Co.*, 8 Allen, 227; *Gaynor v. Old Colony & Newport R. Co.*, 100 Mass. 208; *Parsons v. N. Y. C. & H. R. R. Co.*, 21 N. E. Rep. 145; *Wheelock v. Boston & Albany R. Co.*, 105 Mass. 203.

In the case at bar we think the law was correctly given to the jury, and that their finding on the facts cannot be disturbed. An examination of other points presented by appellant discloses no error that is a cause of reversal of the case. The judgment is accordingly affirmed.

*Affirmed.*