UNION PACIFIC, DENVER & GULF RAILWAY COMPANY, APPELLANT, v. PATTERSON, APPELLEE.

1. PRACTICE—NEGLIGENCE.

In an action founded upon the defendant's negligence, the question whether there was or was not negligence is one of fact to be found by the jury under proper instructions.

2. PRACTICE—CONTRIBUTORY NEGLIGENCE.

In the absence of pleading and proof as to contributory negligence, that question should not be submitted to the jury.

*Appeal from the District Court of Las Animas County.*

Messrs. Teller, Orahood & Morgan, for appellant.

Mr. John A. Gordon, for appellee.

Reed, J., delivered the opinion of the court.

The action was brought to recover the value of a cow, alleged to have been killed by a freight train of the appellant, through the negligence of the employees in charge of the train.

It is assigned and contended as error : First, That there was no proof of negligence sufficient to charge the defendant.

Second, That improper evidence was admitted to establish the value.

Third, That the court erred in its instructions.

Plaintiff's witnesses testified to the character of the road at the point where the animal was killed, that an engineer or other persons upon the engine could have seen the cow two hundred and twenty-five yards before reaching her. Tatum, a witness for the plaintiff, said : " I saw the train and the cow at the same time she was killed ; the train was about a hundred and fifty yards from the cow when I first saw it, and she was on the track. I did not hear any whistles blown at all. I was about forty or fifty yards from the cow." Lewis, the engineer, testified for the defendant that he did not see the cow until he was in five or six car lengths of her (about fifty or sixty yards). That he had stepped out of the cab, down into a gangway to examine a tank ; while there he saw the cow, stepped back on to the engine, reversed it, and put on the air brakes ; that the train was running about twenty-five miles an hour when he saw the cow and that the speed was reduced to about ten miles an hour when the cow was struck.

The fireman, Garvin, saw the cow about five or six car lengths, called the engineer's attention to it, and he reversed the engine and applied the air brakes. That he was looking out but could see but a short distance from his side

of the engine, owing to a curve in the road. There was some conflict in the evidence in regard to how far the cow could have been seen. This is unimportant from the fact that all agree that she might have been seen a much greater distance than she was, and that neither engineer nor fireman was in position where they could see. There is no claim that the whistle was sounded. It is fair to infer from the evidence of the two men in charge that when the cow was seen the engine was so near her there was no time to whistle, and that if the whistle had been sounded, it would have been unavailing.

It is the well settled rule of law that in cases of this kind, whether there was or was not negligence, is a question of fact to be found by the jury under proper instructions as to the law. The jury having found that there was negligence, such finding is conclusive under the circumstances of the case. Shear. & Red. on Neg. § 11; *Railroad Co. v. Shean*, 18 Colo. 368; *Mau v. Morse*, 3 Colo. App. 359; *Fairmount Cemetery v. Davis, ante,* 570; *McGraw v. Stone*, 53 Pa. St. 436.

It is true that Mrs. Patterson's evidence in regard to the value of the cow was open to objection for want of sufficient evidence of knowledge of the value, but as the value was fully established by other evidence, to be as great as that found by the jury, this purely technical error could not have injured the defendant.

I have carefully examined the instructions. The court said : " There are only three questions for the jury to determine in this cause. They are :

" First, Was the defendant company guilty of negligence in killing the animal in evidence ?

" Second, Was such negligence the proximate cause of the killing ?

" Third, What was the market value of the animal killed ? "

The remainder was elaboration or explanation of the three propositions, in harmony with them. No valid legal objection can be made or sustained.

It is urged that the question of contributory negligence should have been submitted by the instructions. I do not see how any such issue could be involved. It was not pleaded, nor was there any attempt to show that the cow was trespassing, or that she had not a legal right to be where she was.

The judgment will be affirmed.

*Affirmed.*