GULF, COLORADO & SANTA FE RAILWAY COMPANY V.
MRS. NELLIE MORGAN ET AL.

Decided May 11, 1901.

**1.—Contributory Negligence—Looking and Listening Before Crossing Track.**

Where a passenger is required to cross a railway company's intervening tracks in order to take the train or leave it, it is not negligence per se for him not to look and listen for approaching trains, since he has the right to assume that the company will so regulate its trains that the road will be free from obstructions and danger when passenger trains stop at the depot to receive or deliver passengers.

**2.—Charge Not on Weight of Evidence.**

A charge setting forth plaintiff's side of the case, and instructing that if the jury found certain facts, they should return a verdict for the plaintiff, is not on the weight of the evidence. See illustration.

**3.—Same—Statutory Signals at Crossing.**

A charge that if plaintiff "had no notice" of the approach of the train that struck him while attempting to cross the railway track near the station to board a train, he could recover, was not error on the ground that the evidence showed the defendant had given the statutory signals, since these relate to public crossings, and not the passengers about to board a train at a station.

Appeal from Delta. Tried below before Hon. L. A. Clark.

*J. W. Terry* and *Chas. K. Lee*, for appellant.

*Hazlewood & Smith, Newman Phillips*, and *Ed H. Bennett*, for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Wylie Morgan to recover damages for personal injuries alleged to have been received by him by being struck by one of the plaintiff in error's passenger trains at Ladonia. There was a trial before a jury and verdict and judgment for the plaintiff for the sum of $4000. After the motion for new trial was overruled, the plaintiff, Wylie Morgan, died,. and his wife, Mrs. Nellie Morgan, and their minor son, Albert Morgan, were made parties and a writ of error has been duly prosecuted from the judgment to this court.

Defendant in the court below plead, among other things, that Morgan, in attempting to cross the track at the time and in the manner he did, was guilty of contributory negligence; and the plaintiff, by his supplemental petition, replied that it was true that he was upon defendant's track at the time he was injured, but that he was there in attempting to board one of defendant's passenger trains as a passenger. That there was no other way provided by defendant for passengers to board said train, except to cross defendant's track at the time and in the manner plaintiff did at the time he was so struck. That he attempted to board said train at the time and place and in the manner passengers getting aboard said train had for a long time before been accustomed to doing,.

with full knowledge and consent, and upon the invitation, of the defendant, its agents and servants. And that plaintiff's injuries were caused by the reckless and negligent conduct of defendant, its agents and servants in providing an unsafe and dangerous approach to its trains at said station, and by the reckless and careless manner in which the agents and servants of defendant managed and operated the train on which plaintiff was attempting to take passage, as well as the negligent manner in which the train was operated which struck and injured plaintiff; and that his injuries were directly caused by the aforesaid negligence of defendant, its agents and servants, as set forth in plaintiff's first amended original petition; and his said injuries were not caused or contributed to by any negligence or want of care on the part of plaintiff.

It is, agreed that the undisputed evidence shows that the town of Ladonia, where Morgan was injured, is an incorporated town of 1500 to 2500 people. That the road of defendant in error runs through the town from north to south, and that the station is on the west side of defendant's tracks, within about twelve or fifteen feet thereof. That there is no platform except gravel, which extends from the depot out to the first rail of said track. That just across the main track, within about six or eight feet thereof, is a side track, extending something like 100 yards north and south from the depot. That there is no station on the east side of the track, and that all persons who get off and on defendant's trains at said station, except passengers on the Honey Grove branch, get on and off from the west side. That for more than a year prior to the time Morgan was injured, two of defendant's passenger trains had been passing each other daily at said station, at about 5 o'clock p. m. The one from the north was known as No. 77, and the one from the south as No. 74. That under the rules of defendant's road No. 74 pulled in on the siding at the south end of the switch so as to let No. 77 pass on the main track. That No. 74, after taking the siding, would pull down in front of the station, where persons desiring to alight or get aboard said train were permitted to do so; it being necessary for persons getting on or off said train No. 74 to pass over said main track. That No. 74 was due at Ladonia about five minutes ahead of No. 77. That plaintiff, on the 28th day of July, 1899, as he was in the act of attempting to cross the main track in front of the depot to get on No. 74, which was on the side track in front of the depot, was struck by train No. 77, as it came into the station, and injured. That in order to get on train No. 74, plaintiff was compelled to cross the main track, the one on which the accident occurred.

The first, second and third assignments of error are grouped, and it is contended thereunder that the court erred in overruling defendant's motion for a new trial because the overwhelming preponderance of the testimony shows that plaintiff was guilty of contributory negligence, in that the proof showed he started across the defendant's track without looking or listening for an approaching train, and without making any effort to discover a train; that he practically ran into the train when

the train was right on him and when the crowd at the depot was surging back, due to the approach of the train, and when, had he exercised any care whatever, he must have known the train was approaching, and at a time when he knew the train he was going to take was to meet the train that struck him at Ladonia, and was likely to run into the station any minute; that even if the call "All aboard" was given by the conductor, it was given at a time when the train had been standing at the depot six or seven minutes, and when all intending passengers had had ample time to get on the train; and that plaintiff had ample time to have walked across the track before the south-bound train came in, but that he lingered and loitered on the platform talking to some friends and paying no attention to his surroundings, and as he saw the train come in rushed headlong across the track and practically into the incoming train.

Whether the conductor of the north-bound train called "All aboard" just as that train started, and whether Morgan started without delay after such call to cross the track and board that train, and whether the south-bound train came into the depot at an unusual and unsafe rate of speed, and whether it gave the statutory signals, were all controverted questions of fact in this case. On all of these questions there was evidence both ways. A careful examination of the evidence leads us to conclude that there was sufficient evidence to justify the jury in finding that the conductor of the north-bound train gave the call "All aboard," which call was an invitaion to those contemplating passage to get on the train, whereupon Morgan, who had just purchased a ticket entitling him to passage on that train, heard the call and started to cross the track for the purpose of boarding that train, and when he was about to step upon the track nearest to the depot the south-bound train came in upon that track at an unusual and unsafe rate of speed and struck plaintiff and injured him. The evidence shows that the signal for the station was given by the incoming train. The plaintiff, Morgan, did not look or listen for the approach of a train before starting across the track nor did he see the approaching train, nor hear the signal given by it.

It is insisted by the appellant that it was the duty of plaintiff to have looked and listened for approaching trains when about to cross the track, and his failure to do so constituted contributory negligence upon his part which precludes him from the right to recover. The plaintiff was compelled to cross the intervening track in order to get on board his train. In such cases the law is stated by a recognized authority as follows: "Railroads are frequently so constructed that it is absolutely necessary for passengers to cross tracks on their way to or from trains; and in other cases the arrangements are such as to make it very inconvenient to do otherwise, while in still others, passengers make a practice of crossing tracks at stations without objection from the railroad companies. In many of the cases, the mere crossing of the tracks by a passenger, on his way to or from a train, raises no presumption of negligence against him. If the company desires to be relieved from liability for injuries thus caused, it must provide good, safe, and conven-

ient means of access. When a passenger is required to cross the company's intervening tracks, in order to take his train or to leave it, or to change from one train to another, it is not negligence per se not to look and listen for approaching trains before so crossing. The passenger has a right to assume that the company will so regulate its trains that the road will be free from obstructions and danger when passenger trains stop at a depot to receive and deliver passengers; and the rule which requires a person to look and listen before crossing a railroad crossing has little, if any, application where, by the arrangement of the company, it is made necessary for passengers to cross the track in passing to and from the depot to the cars." Shearm. & Redf. on Neg., sec. 525.

If the plaintiff, Wylie Morgan, upon hearing the conductor of the north-bound train call "All aboard," started across the intervening track for the purpose of taking passage on a train standing on the side track, he had the right to assume that it was safe to do so. If to do so were to rush into apparent danger, and he knew or ought to have known of the danger, he could not recover. The evidence shows that he knew the north and south-bound trains passed each other at Ladonia. He testified that the north-bound usually pulled from the depot up to the north end of the switch and there stopped for the south-bound to pass. There is testimony corroborating him as to this matter. He seems to have been under the impression that this was what the north-bound was about to do on this occasion. When the conductor called "All aboard" the train started, and was moving slowly while Morgan was attempting to board it. There was a crowd at the depot, and between thirty-five and forty persons north of Morgan and between him and the incoming train. For this reason he could not see the incoming train until he stepped out from the crowd. When he did step out his back was turned towards that train and he did not see it until it was almost upon him. A person on the track could have seen the engine when it was 500 yards away. The train ran into the depot at a speed of from ten to fifteen miles per hour. It was a minute or two behind time and was coming in on a down grade. The failure of Morgan to look and listen for an approaching train before starting across the intervening track to board his train was not negligence per se. It was a question for the jury to determine whether, in attempting to cross the track at the time, in the manner, and under the circumstances he did, was negligence. Terry v. Jewett, 78 N. Y., 344; Warren v. Railway, 90 Mass., 230; Klein v. Jewett, 26 N. Y. Eq., 474.

The jury having found that he was not negligent, and there being evidence to suport their verdict, we conclude that the court did not err in overruling defendant's motion for new trial based upon that ground.

The evidence was sufficient to justify the jury in finding that the agents, scrvants, and employes of defendant operating the south-bound train were negligent in running that train into the depot at an unusual and unsafe rate of speed, and that the conductor of the north-bound train was negligent in giving the call of "All aboard" at the time and under the circumstances, and that such negligence was the proximate

cause of the injury to plaintiff, and that he sustained damage in the amount found by the jury. And further, that plaintiff was not guilty of contributory negligence.

In this connection the court charged the jury as follows:, "If you believe from the evidence that, at the time he was injured, plaintiff had purchased from defendant a ticket entitling him to passage on its train from Ladonia to Pecan Gap, and was on the platform of its depot at Ladonia intending to take passage on the north-bound train; and if you further find that while thus situated the south-bound passenger train was approaching the depot and near to the same, and that, while it was thus approaching, the conductor of the north-bound train called out 'All aboard,' and if you further believe from the evidence that plaintiff understood this to mean that his train was about to start, and that he believed that it was safe for him to cross the main track for the purpose of boarding his train; and if you further find that plaintiff was not aware, and had no notice, of the approach of the south-bound train, and that, relying upon the call of the conductor (if there was any such call at this time), plaintiff started to cross the main track to catch his train, and that while in the act of doing so he was struck by the engine of the south-bound train and thereby injured; and if you further find that at the time the conductor of the north-bound train called 'All aboard,' the south-bound train was so close to the depot that it was unsafe for passengers to cross the main track in front of it to the north-bound train, and that in calling out 'All aboard' at the time he did so (if he did at all) the conductor was guilty of negligence as that term is above defined, and that but for such negligence the injury would not have been received; and if you further believe from the evidence that plaintiff, in starting across in front of the south-bound train at the time he did, did not see or hear the said south-bound train, and that he acted as an ordinarily prudent person would have acted under the same circumstances, and was not guilty of any act of contributory negligence that caused or contributed to the injury, then you will find for the plaintiff."

This charge is objected to on the ground that the undisputed evidence shows that notice was given of the approach of the train by bell and whistle, and there is no warrant in the evidence for finding that no notice was given, and it was a charge on the weight of the evidence and misleading, and submitted to the jury an issue, whether plaintiff had notice of the approach of the train. This charge presents plaintiff's side of the case. It is not on the weight of the evidence. The jury are told if they believe the facts as stated in the charge to be true, they will find for plaintiff, if he was not guilty of any act of contributory negligence that contributed to the injury. The court at the request of the defendant gave a charge upon contributory negligence embracing defendant's theory of the case, which presented the issue as favorably to defendant as the law would permit.

The contention of appellant that the charge of the court is error because the proof shows that it had given the statutory signals is unten-

able.   The signals required by the statute relate to public crossings, and not' to passengers attempting to board a train at a station.   Rev. Stats., art. 4570; Terry v. Jewett, supra.

The remaining assignments of error complain of the action of the court in admitting certain evidence and excluding certain other evidence, and in refusing certain special charges requested by defendant, and in not postponing the case as requested by defendant for the purpose of securing the testimony of Dr. Pratt, and of certain remarks made by counsel for plaintiff in the argument of the case to the jury, and the courtesies shown by plaintiff's counsel to a sick relative of a member of the jury.   We have carefully examined these several assignments and conclude that no reversible error is shown by any one of them. We therefore overrule all the assignments of error not discussed.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.