JOSEPH R. LYNN, JR., as Administrator, etc., of ANNA V. LYNN, Deceased, Appellant, *v.* HEWIT PHARMACIES, INC., Respondent.

PER CURIAM. Evidence that deceased was insured should have been excluded. (*Terry* v. *Jewett*, 78 N. Y. 338; *Kellogg* v. *N. Y. & H. R. R. R. Co.*, 79 id. 72.) Evidence tending to show the value of the services of deceased, as housewife, was admissible; also evidence tending to show what information deceased had acquired as to the purpose, how or in what quantities to use, and effect of the use of oil of tansy, whether acquired from a book or from other advice. It was error to charge that the unexcused failure to obey a statute ▮ intended for the protection of citizens is *prima facie* only of negligence. (*Martin* v. *Herzog*, 228 N. Y. 164.) It was error to charge that negligence of the husband was attributable to the deceased except so far as his act was performed as her agent. All concur. Judgment and order reversed on the law, and new trial granted, with costs to the appellant to abide the event because of errors in the rulings of the court.