## (November 3, 1938.)

In the Matter of the Application of BENJAMIN M. ZELMAN, Respondent, for an Order Directing the BOARD OF ELECTIONS OF THE CITY OF NEW YORK to Reject the Papers Purporting to Nominate MACNEIL MITCHELL, Appellant, as the Candidate for the Assembly of the 10th Assembly District, New York County, under the Name of the City Fusion Party under the Emblem of the Four Leaf Clover, etc.— Order unanimously affirmed. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.

In the Matter of the Application of ROBERT R. HURLEY, Petitioner, Appellant, for the Determination by the Court as to the Validity of a Petition Purported to Nominate MACNEIL MITCHELL for the Office of Member of Assembly for the 10th Assembly District of the County of New York under the Name of the City Fusion Party. THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK and MACNEIL MITCHELL, Respondents.— In view of our affirmance of the order in the companion appeal decided herewith (*Matter of Zelman* v. *Bd. of Elections* [*Re Mitchell*], *ante*, p. 832), order unanimously affirmed. Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.

## (November 4, 1938.)

CHARLES J. PLOCH, Respondent, v. THAMES TRADING CO., INC., Appellant.— Order unanimously affirmed, with costs and disbursements. It may well be that the jury was misled by the error of the court in charging, in effect, that the violation of the statute constituted only some evidence of negligence rather than " negligence in itself." (*Martin* v. *Herzog*, 228 N. Y. 164; *Fluker* v. *Ziegele Brewing Co.*, 201 id. 40; *Lynn* v. *Hewit Pharmacies*, 234 App. Div. 805.) As said in *Martin* v. *Herzog* (*supra*): " We must be on our guard, however, against confusing the question of negligence and that of causal connection between the negligence and the injury." We are not holding as a matter of law that the defendant did violate section 255 of the Labor Law, or that there was causal connection between such violation, if any, and the injury. Those are facts which should be determined by the jury upon the new trial. Present — Martin, P. J., O'Malley, Glennon, Untermyer and Cohn, JJ.

MARON DELANEY and CHARLES DELANEY, Respondents, v. PHILHERN REALTY HOLDING CORP., a Domestic Corporation, and Another, Defendants, Impleaded with JACOB SHAPIRO and I. B. MILLER, INC., a Domestic Corporation, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.

HARRY CONSTANTINE, Respondent, v. NEW YORK RAILWAYS CORPORATION, Appellant.— Judgment reversed and a new trial ordered, with costs to the appellant to abide the even , upon the ground that the verdict is against the weight of the credible evidence. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Dore, J., dissents and votes for affirmance.

FRANCES INFANTOLINO, Individually and as a Stockholder of RED & GOLD VINTAGES, INC., on Behalf of He self and All Other Stockholders Similarly Situated, and on Behalf of the Said RED & GOLD VINTAGES, INC., Appellants, v. IRVING SABLE and RED & GOLD VINTAGES, INC., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.